IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>  Petitioner,<br><br>  v.<br><br>SF GREEN CLEAN, LLC,<br><br>  Respondent.<br>_____/ | No. C 14-01905 JSW<br><br>**ORDER DENYING MOTION TO STAY ORDER CONFIRMING ARBITRATION AWARD** |

Now before the Court is the motion filed by Respondent SF Green Clean ("Respondent") to stay this Court's order dated August 8, 2014, confirming the Arbitration Award, pending appeal. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court hereby DENIES the motion the stay.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). It is, instead, "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 672-73. When ruling on a stay, courts consider several factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (citing *Hilton v. Brauskill*, 481 U.S. 770, 776 (1987)).

The Court notes that the standard for granting a stay is a continuum. At one end of the

continuum, if there is a "probability" or "strong likelihood" of success on the merits, a relatively low standard of hardship is sufficient. *Golden Gate Restaurant Ass'n*, 512 F.3d at 1119 (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983)). At the other end, if "the balance of hardships tips sharply in . . . favor" of the party seeking the stay, a relatively low standard of likelihood of success on the merits is sufficient. *Id.* (quoting *Lopez*, 713 F.2d at 1435). In this case, the Court finds that there is neither a probability nor a strong likelihood of success on the merits, and that the balance of hardships tips sharply in favor of Petitioner United States of America ("Petitioner").

With respect to the first factor, Respondent argues that there is a "fair likelihood" of success on the merits on the basis that the "issues are novel and require the construction of the Administrative Dispute Resolution Act." (Br. at 2-3.) Petitioner disagrees and argues that Respondent's argument is unlikely to be considered on appeal in the Ninth Circuit on the basis that it is a new argument, not raised in its motion to vacate the Arbitration Award. The Court is persuaded by Petitioner's argument.

The Ninth Circuit generally does "not consider an issue raised for the first time on appeal." *Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004). However, there are three exceptions to the general rule by which the court may invoke its discretion and review the issue: (1) where "review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process"; (2) where there is a change in the law creating a new issue; or (3) "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *Id.* (internal quotation marks and citation omitted).

Based on the analysis set out in this Court's previous order confirming the Arbitration Award, the Court finds that there is low likelihood of success on the merits on appeal. Furthermore, with respect to the new issues the Respondent plans to raise on appeal, the Court finds that Ninth Circuit will not likely exercise its discretion and apply one of the three exceptions to the rule that issues raised for the first time on appeal are generally not considered.

With respect to whether the applicant will be irreparably injured absent a stay, Respondent argues that it and several of its employees will be irreparably injured if it were required to vacate the premises at 222 Halleck Street, Building 222, in the Presidio of San Francisco, San Francisco, California. Specifically, Respondent asserts that the cost of moving would be "prohibitively expensive," and that, absent a stay, Respondent will "lose the goodwill it has accumulated over the past eight years as it built annual gross revenues approaching a million dollars." (Br. at 3.) Petitioner, however, argues that Respondent will not be irreparably injured absent a stay on the basis that it has had over thirteen months without rent to locate alternative premises for its business. Although Respondent may be injured absent a stay, the Court finds that Respondent has had time to locate a new property in which it may conduct its business.

With respect to whether issuance of the stay will substantially injure the other parties interested in the proceeding, Respondent argues that Petitioner will not be harmed by staying the order confirming the Arbitration Award pending appeal on the basis that (1) it has occupied the Premises for the past eight years and no harm has come to Petitioner as a result, and (2) allowing Respondent to continue its occupancy while its appeal is considered would maintain the status quo. Petitioner argues that it has been and will continue to be harmed by Respondent's possession of the Premises on the basis that Respondent has not paid rent for thirteen months and Petitioner, as a result, has been unable to lease the Premises at current fair market value.

The fact that Respondent has been conducting business on the Premises for the past eight years is not sufficient to show that Petitioner has not and will not continue to be harmed financially. Furthermore, maintaining the "status quo" is not mandatory. Rather, "[t]he purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits . . . . The focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo." *Golden Gate Restaurant Ass'n*, 512 F.3d at 1116 (quoting *Canal Authority of Florida v. Callaway*, 489

1  F.2d 567, 576 (5th Cir. 1974)).  Having found the Arbitration Award completely adjudicated on
2  the merits, it is not necessary for the Court to preserve the status quo.
3      With respect to consideration of where the public interest lies, Respondent argues that
4  the public interest would be served by allowing it to continue occupancy pending appeal in the
5  Ninth Circuit on the basis that (1) its employees would be able to keep their jobs and (2)
6  Respondent, as an environmentally safe and socially responsible clothing cleaner, would
7  continue to serve its hundreds of customers.  Petitioner, on the other hand, argues that a stay
8  would not serve the public interest and that Respondent's asserted reasons for why a stay of this
9  Court's previous order would serve the public interest are wholly private.  Again, the Court
10 finds Petitioner's argument persuasive.
11     Accordingly, the court DENIES Respondent's motion to stay.
12 **IT IS SO ORDERED.**

14 Dated: August 29, 2014

15 JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

4