1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES,<br><br>      Petitioner,<br><br>    v.<br><br>SF GREEN CLEAN, LLC,<br><br>      Respondent. | Case No. 14-cv-01905 JSW (NC)<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR ADMINISTRATIVE RELIEF TO ISSUE WRIT OF POSSESSION**<br><br>Re: Dkt. No. 38 |

The Court granted petitioner United States of America's motion to confirm the arbitration award issued by the American Arbitration Association. The award ordered respondent and tenant SF Green Clean to hand over possession of property, located in the Presidio of San Francisco, California, to landlord Presidio Trust. Even though the Court denied SF Green Clean's motion for a stay on enforcing the arbitration award, SF Green Clean still occupies the property. The government now moves for a writ of possession, granting it the authority to remove SF Green Clean from the land. Because the government has not satisfied the requirements under California law governing when courts can issue writs of possession, the undersigned Magistrate Judge recommends to the District Court to deny the motion without prejudice.

**JURISDICTION**

When a notice of appeal is filed, jurisdiction over the matters being appealed typically transfers from the district court to the appeals court. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.")).  Nonetheless, absent a stay order, the district court retains jurisdiction to enter orders enforcing its judgment during the pendency of an appeal.  *See* Fed. R. Civ. P. 62(c); *Lara v. Sec'y of Interior of U.S.*, 820 F.2d 1535, 1543 (9th Cir. 1987) (prevailing party may obtain postjudgment writ of assistance to enforce judgment).

Here, the Court issued a judgment in favor of the government, confirming the arbitrator's award.  The Court subsequently denied SF Green Clean's request to stay the Court's order.  While SF Green Clean did file a notice of appeal to the Ninth Circuit to vacate the award, without a stay order, this Court has jurisdiction to enter an order enforcing its previous judgment in favor of the government.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 64 states, in pertinent part:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.  But a federal statute governs to the extent it applies.

Fed. R. Civ. P. 64(a).  Given that no federal statute applies, this Court looks to the section of California law that provides for the return of property to creditors via a writ of possession.  Cal. Civ. Proc. Code § 512.010(a) ("Upon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this chapter for a writ of possession by filing a written application for the writ with the court in which the action is brought.").  The application must include:

> (1) A showing of the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property claimed.  If the basis of the plaintiff's claim is a written instrument, a copy of the instrument shall be attached.

1

2

(2) A showing that the property is wrongfully detained by the defendant, of the manner in which the defendant came into possession of the property, and, according to the best knowledge, information, and belief of the plaintiff, of the reason for the detention.

3

4

(3) A particular description of the property and a statement of its value.

5

6

(4) A statement, according to the best knowledge, information, and belief of the plaintiff, of the location of the property and, if the property, or some part of it, is within a private place which may have to be entered to take possession, a showing that there is probable cause to believe that such property is located there.

7

8

(5) A statement that the property has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure.

9

Cal. Civ. Proc. Code § 512.010(b).  Furthermore, § 512.060 provides that:

10

11

(a) At the hearing, a writ of possession shall issue if both of the following are found:

12

(1) The plaintiff has established the probable validity of the plaintiff's claim to possession of the property.

13

(2) The undertaking requirements of Section 515.010 are satisfied.

14

15

(b) No writ directing the levying officer to enter a private place to take possession of any property shall be issued unless the plaintiff has established that there is probable cause to believe that the property is located there.

16

## ANALYSIS

17

18

19

20

21

22

The government has not complied with the requirements under § 512.010(b).  While the Court's order confirming the arbitrator's award suffices to meet three of the five requirements, the government has not provided "(3) [a] particular description of the property and a statement of value [or] (5) [a] statement that the property has not been taken for a tax, assessment, or fine … or seized … ."  Furthermore, § 512.060 requires that the government satisfy the undertaking requirements of § 515.010.

23

24

25

26

27

For the reasons outlined above, the undersigned Magistrate Judge recommends that the District Court deny without prejudice the government's motion for relief by writ of possession.  The undersigned recommends that the District Court give the government fourteen days to cure the deficiencies in its prior motion.  Any party may object to this recommendation within fourteen days.  Fed. R. Civ. P. 72.

28

1    IT IS SO ORDERED.

2    Date: September 23, 2014

3    _____

4    Nathanael M. Cousins
     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28