**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>SF GREEN CLEAN, LLC,<br><br>Respondent. | Case No. 14-cv-01905 JSW (NC)<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR ADMINISTRATIVE RELIEF TO ISSUE WRIT OF POSSESSION**<br><br>Re: Dkt. No. 44 |

Before the Court is petitioner United States of America's amended motion for writ of possession and judgment. Because the government has not satisfied the requirements of a writ of possession application under California law, the undersigned recommends denying the motion without prejudice.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 64 states, in pertinent part:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Fed. R. Civ. P. 64(a). Given that no federal statute applies, this Court looks to the section of California law that provides for the return of property to creditors via a writ of

1  possession, California Civil Procedure Code § 712.010 ("After entry of a judgment for
2  possession or sale of property, a writ of possession or sale shall be issued by the clerk of
3  the court upon application of the judgment creditor and shall be directed to the levying
4  officer in the county where the judgment is to be enforced.").

5  This undersigned previously issued a report and recommendation, which the Court
6  has not adopted. *See* Dkt. No. 43. Although the prior recommendation referred to
7  California Civil Procedure Code §§ 512.010 and 515.010, the Court now applies California
8  Civil Procedure Code §§ 712.010 and 715.010, which govern a writ of possession for real
9  property, including leasehold interests. *See* Dkt. No. 43; *see also* Cal. Civ. Proc. Code §
10 680.320.

11 Under this section, the writ of possession application must include:

(1) A place indicating that the writ applies to all tenants, subtenants, if any, name of claimants, if any, and any other occupants of the premises.

(2) Description of the real property, possession of which is to be delivered to the judgment creditor in satisfaction of the judgment.

(3) A statement that if the real property is not vacated within five days from the date of service of a copy of the writ on the occupant or, if the copy of the writ is posted, within five days from the date a copy of the writ is served on the judgment debtor, the levying officer will remove the occupants from the real property and place the judgment creditor in possession.

(4) A statement that any personal property remaining on the real property after the judgment creditor has been placed in possession will be sold or otherwise disposed of in accordance with the law unless the judgment debtor or other owner pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the real property.

(5) The date the complaint was filed in the action which resulted in the judgment of possession.

(6) The date or dates on which the court will hear objections to enforcement of a judgment of possession that are filed as required, unless a summons, complaint, and prejudgment claim of right to possession were served upon the occupants in accordance with law.

(7) A declaration under penalty of perjury stating the daily rental value of the property as of the date the complaint for unlawful detainer was filed, unless a summons, complaint, and prejudgment claim of right of possession were served upon the occupants in accordance with law.

(8) If a summons, complaint, and prejudgment claim of right to possession were served upon the occupants, a statement that the writ applies to all tenants, subtenants, if any, named claimants, if any, and any other occupants of the premises.

Cal. Civ. Proc. Code §§ 712.010, 715.010.  Further, the levying officer must execute the writ of possession in accordance with California Civil Procedure Code § 715.020 (stating method for proper service).

## ANALYSIS

The government has failed to comply with the California requirements for application for a writ of possession.  Specifically, the government failed to provide the following information: (1) a place indicating to whom the writ applies; (2) a statement that the levying officer will remove the occupants from the real property and place the judgment creditor in possession if SF Green Clean does not vacate within five days; (3) notice to SF Green Clean regarding its personal property remaining on the real property; (4) the date the complaint was filed; (5) the date the court heard objections to enforcement of the writ; and (6) the daily rental value of the property as of the date the complaint for unlawful detainer was filed.  *See* Cal. Civ. Proc. Code § 715.010.

First, while the application indicates that the writ applies to SF Green Clean, Dkt. No. 44 at 3, ¶ 1, it does not indicate that it "applies to all tenants, subtenants, if any, name of claimants, if any, and any other occupants of the premises," *see* Cal. Civ. Proc. Code § 715.010(a).

Second, the government fails to state "that if the real property is not vacated within five days from the date a copy of the writ is served on the judgment debtor, the levying officer will remove the occupants from the real property and place the judgment creditor in possession." *See* Cal. Civ. Proc. Code § 715.010(b)(2).  The government's assertion that SF Green Clean should have three days to vacate the premises is not in accordance with the requirement.  *See id.*; Dkt. No. 44 at 3, ¶ 1.

Third, the government's proposed order fails to give notice that SF Green Clean will have 15 days to take possession of any personal property.  *See* Cal. Civ. Proc. Code § 715.010(b)(3).  The government's contention that a representative of the Presidio Trust will

Case No. 14-cv-01905 JSW (NC)
REPORT AND RECOMMENDATION
RE: WRIT OF POSSESSION
3

1   "serve as a consultant for the identification and disposition of any personal property" at the
2   time of the eviction does not satisfy the notice requirement regarding personal property.
3   *See id.*; Dkt. No. 44 at 3.
4       Fourth, the government fails to include the date the complaint was filed in the action
5   which resulted in the judgment of possession. *See* Cal. Civ. Proc. Code § 715.010(b)(4).
6       Fifth, the government does not list a hearing date for SF Green Clean to object to
7   enforcement of the judgment of possession. *See* Cal. Civ. Proc. Code § 715.010(b)(5).
8       Finally, while the government provided the monthly rental value range in its
9   amended motion, Dkt. No. 44 at 2, it did not provide the daily rental value of the property
10  as of the date the complaint for unlawful detainer was filed. *See* Cal. Civ. Proc. Code §
11  715.010(b)(6).
12      Related to this motion, SF Green Clean requests that the Court "require the Presidio
13  Trust to perform a pre-move-out inspection at least 14 days before the writ issues." Dkt.
14  No. 46 at 3, ¶ 8; Dkt. No. 40 at 2, ¶ 6. The government had no objections to such an
15  inspection at oral argument. Dkt. No. 42, Tr. at 9/17/14, 2:26-2:28. Accordingly, if the
16  government meets all of the requirements for a writ of possession as outlined above, the
17  undersigned recommends that the Court grant SF Green Clean's request for a pre-move-out
18  inspection.
19      In short, because the government has not complied with the requirements under §§
20  712.010 and 715.010, the undersigned recommends that the Court deny without prejudice
21  the government's application for a writ of possession. The undersigned recommends that
22  the Court give the government 14 days to cure the deficiencies in its prior motion. If the
23  government satisfies the requirements, the undersigned recommends that the Court order
24  the Presidio Trust to perform a pre-move-out inspection 14 days before execution of the
25  writ of possession.
26      Any party may object to this recommendation within 14 days. Fed. R. Civ. P. 72.
27      IT IS SO ORDERED.
28

Case No. 14-cv-01905 JSW (NC)
REPORT AND RECOMMENDATION                4
RE: WRIT OF POSSESSION

Date: October 31, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge