**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

THE UNITED STATES OF AMERICA,

Petitioner,

v.

SF GREEN CLEAN, LLC,

Respondent.

Case No. 14-cv-01905 JSW (NC)

**REPORT AND RECOMMENDATION FOR WRIT OF POSSESSION**

Before the Court is petitioner United States of America's amended motion for writ of possession relating to real property currently occupied by SF Green Clean, LLC. Because the government has satisfied the requirements of a writ of possession application under California law, the undersigned recommends granting the government's motion for writ of possession concerning property located at 222 Halleck Street, Building 222, in the Presidio of San Francisco ("the Premises").

**BACKGROUND**

SF Green Clean operates a business located at 222 Halleck Street in the Presidio of San Francisco. It executed a lease of the Premises with landlord Presidio Trust. Dkt. No. 1 at ¶ 11. This lease included an arbitration clause, which specified that "[i]n the event of a

dispute over Tenant's right to possession of the Premises," the dispute would be submitted to the American Arbitration Association for resolution. *Id.* at ¶ 11. Such a dispute arose when even after the lease expired—and without any agreement to extend the lease—SF Green Clean continued to operate its business on the Premises. *Id.* at ¶ 14.

Pursuant to the lease's arbitration clause, the Presidio Trust submitted this dispute to the AAA for resolution, and requested that the arbitrator order SF Green Clean to turn over possession of the Premises to the Presidio Trust. *Id.* at ¶ 16. Ruling in favor of the Presidio Trust, the arbitrator ordered SF Green Clean to hand over possession of the property. *Id.* at ¶ 18. Moreover, it ordered SF Green Clean to pay the Presidio Trust a total amount of $18,687.50 in fees, costs, and expenses, as well as $5,650.00 in arbitration costs. *Id.*

On August 8, 2014, the Court confirmed the arbitration award. Dkt. No. 31. On August 29, 2014, the Court denied SF Green Clean's motion for a stay. Dkt. No. 37. Subsequently, on September 2, 2014, the Ninth Circuit denied SF Green Clean's motion to stay pending appeal of this Court's order confirming the arbitration award. *United States v. SF Green Clean, LLC*, No. 14-16588 (9th Cir. Sep. 2, 2014).

Because SF Green Clean has still refused to comply with the Court's order by not vacating the Premises and handing over possession of the Premises to the Presidio Trust, the United States seeks a writ of possession as to the property on 222 Halleck Street.

The government also seeks to include in the writ of possession an order stating that SF Green Clean must pay the Presidio Trust the monetary damages under the arbitration award, as well as "rent and expenses due from September 1, 2014, to the date [SF Green Clean] vacates the Premises, at a rate of $331.12 per day." Dkt. No. 51, at 4, ¶¶ 5-6.

**LEGAL STANDARD**

Rule 70 of the Federal Rules of Civil Procedure "gives courts ample power to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts." 12 C. Wright and A. Miller, Federal Practice & Procedure § 3021 (2d ed.); *United States v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372, 1374 (11th Cir. 1981) ("[Rule 70] permits district courts to issue writs of assistance in aid of judgments ordering

delivery of possession of property.”).

This rule for enforcing judgments states in pertinent part: “On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.” Fed. R. Civ. P. 70(d). It further provides that a court may “hold the disobedient party in contempt.” Fed. R. Civ. P. 70(e). However, Rule 70 neither outlines what is required of a party’s application for a writ of possession nor how such a writ should be executed.

Because Rule 70 lacks these specifics, this Court looks at other rules located within the same section of the Federal Rules of Civil Procedure to which Rule 70 belongs, “Title VIII. Provisional and Final Remedies,” for guidance. For instance, under Rule 64, which speaks to provisional remedies prior to judgment, federal courts must apply state law remedies—in the absence of a governing federal statute—when the case involves the seizure of property. Fed. R. Civ. P. 64; 12 C. Wright and A. Miller, Federal Practice & Procedure § 2931 (2d ed.) (distinguishing Rule 64 from Rules 69 and 70, which regulate remedies to enforce a judgment); *see, e.g.*, *Ford Motor Credit Co. v. Sebastopol Ford, Inc.*, No. 07-cv-1783 JSW (EMC), 2007 WL 1189749, at *1-2 (N.D. Cal. Apr. 19, 2007) (finding California law governing writ of possession of personal property made applicable by Rule 64), *report and recommendation adopted*, No. 07-cv-1783 JSW, 2007 WL 1189791 (N.D. Cal. Apr. 19, 2007).

Similarly, Rule 69, which speaks to the enforcement of money judgments, states that the procedure for execution “must accord with the procedure of the state where the court is located,” unless a federal statute applies. Fed. R. Civ. P. 69; *Gabovitch v. Lundy*, 584 F.2d 559, 561 (1st Cir. 1978) (“[T]he overall intent of Rule 69(a) is to limit both the procedure for obtaining process and the effect of writs to that available under state law.”).

Here, neither the United States nor SF Green Clean has cited to a federal statute that governs enforcement by writ of possession of the Court’s order confirming the arbitration award. Given that no federal statute applies, and from an examination of other federal rules analogous to Rule 70, this Court looks to the section of California law that provides for the

return of real property to creditors via a writ of possession in order determine the requirements the government must meet to obtain such a writ.

That section, California Civil Procedure Code § 715.010, states: "A judgment for possession of real property may be enforced by a writ of possession of real property issued pursuant to Section 712.010." Cal. Civ. Proc. Code § 715.010(a).  Section 712.010 in turn states that "[a]fter entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the judgment is to be enforced."  Cal. Civ. Proc. Code § 712.010.

Such a writ of possession application must include:

> (1) A description of the real property, possession of which is to be delivered to the judgment creditor in satisfaction of the judgment.
>
> (2) A statement that if the real property is not vacated within five days from the date of service of a copy of the writ on the occupant or, if the copy of the writ is posted, within five days from the date a copy of the writ is served on the judgment debtor, the levying officer will remove the occupants from the real property and place the judgment creditor in possession.
>
> (3) A statement that any personal property, except a mobilehome, remaining on the real property after the judgment creditor has been placed in possession will be sold or otherwise disposed of in accordance with [California law] unless the judgment debtor or other owner pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the real property.
>
> (4) The date the complaint was filed in the action that resulted in the judgment of possession.
>
> (5) The date or dates on which the court will hear objections to enforcement of a judgment of possession that are filed [as required], unless a summons, complaint, and prejudgment claim of right to possession were served upon the occupants in accordance with [law].
>
> (6) The daily rental value of the property as of the date the complaint for unlawful detainer was filed unless a summons, complaint, and prejudgment claim of right of possession were served upon the occupants in accordance with [law].
>
> (7) If a summons, complaint, and prejudgment claim of right to possession were served upon the occupants in accordance with [law], a statement that the writ applies to all tenants, subtenants, if any, named claimants, if any, and any other occupants of the premises.

Cal. Civ. Proc. Code § 715.010(b).  Further, the levying officer must execute the writ of

possession in accordance with California Civil Procedure Code § 715.020 (stating method for proper service).

Indeed, SF Green Clean agrees these sections of California law apply, Dkt. No. 54 at ¶ 7, and the government acknowledges that these state rules provide a "process to effect the Court's order" for a writ of possession, Dkt. No. 42, Tr. at 9/17/14, 2:19-2:20.

**ANALYSIS**

After reviewing the government's most recent amended application, the Court finds that the government has satisfied the California requirements for a writ of possession. In particular, the amended application provides that SF Green Clean has five days to vacate the premises, Dkt. No. 51 at 2, ¶ 2, as opposed to the three days that the government listed in its previous writ application, Dkt. No. 44 at 3, ¶ 1. The government also inserted language into its proposed order indicating that SF Green Clean would have 15 days to remove any personal property. Dkt. No. 51 at 2. And though not in § 715.010, the government agreed to SF Green Clean's request for a pre-move-out inspection 14 days before the execution of the writ of possession. Dkt. No. 51 at 2.

Nonetheless, SF Green Clean points out that the government's proposed writ fails to satisfy the statute because it contains no hearing date for SF Green Clean to object to the enforcement of the judgment of possession. Dkt. No. 54 at 3 (citing Cal. Civ. Proc. Code § 715.010(b)(5)). It is true that the government omitted this information. This Court, however, does not find the omission unreasonable; after all, it is the Court that ultimately schedules the hearing dates.

Accordingly, the Court will set a hearing date for SF Green Clean to object to the enforcement of this writ of possession for December 3, 2014, at 11:00 a.m., before Magistrate Judge Nathanael Cousins, in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

Finally, the Court will not be ordering the payment of money damages sought by the government. The state law statutes in this case governing writs of possession apply only to real property, not money judgments. Cal. Civ. Proc. Code § 715.010 (governing

enforcement by writ of possession of a "judgment for possession of real property"); Cal. Civ. Proc. Code § 715.020 (explaining requirements for execution of "writ of possession of real property"). As stated earlier, SF Green Clean believes these state rules apply, and the government agrees that these sections provide a "process to effect the Court's order" for a writ of possession.

What is more, the government makes no reference to any federal rule, federal statute, or state statute that gives this Court the authority to issue a writ of possession to enforce a money judgment, much less rental payments neither addressed in the arbitration award nor in the Court's order confirming that award.

In summary, because the government has complied with the requirements under California law for an application for a writ of possession of real property, the undersigned recommends that the Court grant the government's motion as to the real property, and adopt the attached writ of possession. However, the undersigned recommends that the Court not decide at this time the issue of enforcement of the arbitrator's money damages award or the government's request for additional post-arbitration rental payments.

Any party may object to this recommendation within 14 days. Fed. R. Civ. P. 72.

IT IS SO ORDERED.

Date: November 12, 2014

Nathanael M. Cousins
United States Magistrate Judge

**WRIT OF POSSESSION**

The Court now issues this writ of possession, in accordance with the following:

1. **Pre-Move-Out Inspection**: The Presidio Trust must perform, and SF Green Clean must comply with, a pre-move-out inspection on November 20, 2014, or sometime afterwards. The Presidio Trust must complete this inspection at least 14 days before the actual date of service of the Writ. In other words, the U.S. Marshal must wait at least 14 days after the Presidio Trust completes its pre-move-out inspection before it can serve this Writ of Possession.

2. **Service of the Writ**: The Court orders the U.S. Marshal to serve a copy of this Writ to SF Green Clean, occupant of the leased property, located at Building 222, 222 Halleck Street, the Presidio, San Francisco ("the Premises"). This Writ requires SF Green Clean to vacate the Premises within five days after service, and turn over any keys or access devices to the Presidio Trust. Cal. Civ. Proc. Code § 715.010(b)(2).

    a. Service shall be made by leaving a copy of the Writ with a person, who is at least 18 years of age, found on the Premises who is either an employee or agent of SF Green Clean. Cal. Civ. Proc. Code § 715.020(a). Otherwise, the U.S. Marshal must post a copy of the Writ in a conspicuous place on the Premises and serve a copy of the Writ on SF Green Clean, personally or by mail. Cal. Civ. Proc. Code § 715.020(b).

3. **Parties Subject to Writ**: The Writ applies to all tenants, subtenants, if any, William Alber, and any other occupants of the Premises.

4. **Time to Vacate**: If the parties subject to this Writ do not vacate the Premises within five days from the date of service of the Writ, the U.S. Marshal will remove SF Green Clean from the Premises and place the Presidio Trust in possession. Cal. Civ. Proc. Code § 715.010(b)(2). Further, the U.S. Marshal is authorized to assist the Presidio Trust with gaining entry to the Premises and

changing the locks on any doors of the Premises.

5. **Photographs and Video**: The U.S. Marshal is authorized to take photographs and/or make a videographic record of the Premises for future use by the Court. This record will remain the property of the U.S. Marshal unless otherwise directed by the Court. If the U.S. Marshal requests, a representative of the Presidio Trust may be present at the time of removal of the occupants to review, examine, and identify, any personal property that belongs to SF Green Clean or to other parties.

6. **Personal Property**: SF Green Clean will have 15 days after service of this Writ to remove its personal property. Cal. Civ. Proc. Code § 715.010(b)(3). After that 15-day period, any personal property remaining on the Premises that belongs to SF Green Clean will be sold or otherwise disposed of, unless SF Green Clean pays the Presidio Trust the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the Presidio Trust takes possession of the real property. Cal. Civ. Proc. Code § 715.010(b)(3).

7. **Customer Property**: SF Green Clean and the Presidio Trust must cooperate to ensure that customers are able to retrieve their clothing and other items from the Premises.

8. **Hearing**: SF Green Clean and the United States are ordered to appear for a hearing concerning this writ of possession on December 3, 2014, at 11:00 a.m., before Magistrate Judge Nathanael Cousins, in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

9. **Date of Issuance**: This Writ of Possession shall issue November 12, 2014.

This Order will remain in effect until modified by further order of this Court.

IT IS SO ORDERED.

Date: November 12, 2014

Nathanael M. Cousins
United States Magistrate Judge

Case No. 14-cv-01905 JSW (NC)
REPORT AND RECOMMENDATION FOR WRIT OF POSSESSION
9